15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Larry Joe MARTIN, Plaintiff-Appellant,
v.
Lori ADKINS; Edie Freeman; Roger Bourne; George Parham;
August Cahill; et al., Defendants-Appellees.
 No. 93-35518.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 10, 1994.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Idaho state prisoner Larry Joe Martin appeals pro se the district court's summary judgment dismissal of his 42 U.S.C. Sec. 1983 action alleging that his due process and equal protection rights were violated based on a conspiracy which resulted in his wrongful conviction for second degree burglary and attempted rape. Martin contends that the alleged victim, Lori Adkins; testifying witness, Edie Freeman; the prosecuting attorney, Roger Bourne; public defenders assigned to represent Martin, George Parham and August Cahill; and others conspired to convict him for crimes he did not commit. We review the district court's grant of summary judgment de novo, Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992), and we affirm.
 
 
 3
 The district court granted the summary judgment motion of witness/victim Lori Adkins and witness Edie Freeman on three grounds, among them Martin's failure to produce any evidence that Adkins and Freeman conspired to convict him. A complaint cannot survive a motion for summary judgment if it contains only vague and conclusory allegations of conspiracy. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir.1992). Martin alleged that Adkins and Freeman staged the attempted rape, and perjured themselves at trial in order to remove Martin from a profitable criminal enterprise in which Martin, Adkins, and her brother were engaged. Without more, such allegations are not sufficient to withstand a motion for summary judgment. Martin offered no material evidence to support his conspiracy allegations. Therefore, the district court did not err in granting Adkins and Freeman's motion for summary judgment.
 
 
 4
 Martin also appeals the district court's summary judgment for deputy prosecuting attorney Roger Bourne, based on its finding that Bourne was absolutely immune from liability in this action. In general, a prosecutor is absolutely immune from liability under Sec. 1983 for prosecutorial functions that are "intimately associated with the judicial phase of the criminal process," Imbler v. Patchman, 424 U.S. 409, 430 (1976), provided such actions are taken within the scope of the prosecutor's authority, Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc).
 
 
 5
 Although Martin alleges that Bourne failed to adequately investigate the charges against him, Martin presented no evidence that Bourne did anything other than perform his statutory duties as a deputy prosecuting attorney in the judicial phase of the criminal process. Therefore, the district court did not err in finding Bourne immune from liability and granting his motion for summary judgment.
 
 
 6
 Finally, Martin appeals the district court's summary judgment for George Parham and August Cahill, the first and third public defenders assigned to represent Martin. A public defender, although paid by the state, does not act under color of state law for Sec. 1983 purposes when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, any actions of defense counsel which occurred in the normal course of the defense of Martin cannot be the basis for Sec. 1983 liability. However, public defenders can be liable under Sec. 1983 for intentional misconduct under color of state law by virtue of alleged conspiratorial action with state officials that deprives a client of federal rights. Tower v. Glover, 467 U.S. 914, 923 (1984). Martin alleges that Parham and Cahill failed to properly investigate his case, file appropriate motions, and adequately represent him. Even assuming that these allegations are true, they do not form the basis for Sec. 1983 liability. There is no evidence that Parham or Cahill conspired with others to deprive Martin of his constitutional rights. Therefore, the district court did not err in granting Parham and Cahill's motion for summary judgment.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3